## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## ST. JOSEPH DIVISION

DAVID TANNER,                        )
)
                Plaintiff,         )
)
v.                              )  No. 09-6142-CV-SJ-FJG
)
MICHAEL J. ASTRUE,         )
Commissioner, Social Security     )
Administration                  )
)
                Defendant.    )

## ORDER

      This is a proceeding under Title XVI of the Social Security Act, 42 U.S.C. § 1381 et seq. On December 20, 2006, plaintiff filed his application. Plaintiff's application was denied initially. Thereafter, plaintiff requested an administrative hearing. On June 24, 2009, following the hearing the ALJ rendered a decision finding that plaintiff was not under a "disability" as defined under the Social Security Act. On September 24, 2009, the Appeals Council denied plaintiff's request for review. Thus, the decision of the ALJ stands as the final decision of the Commissioner. The facts and arguments are presented in the parties' briefs and will not be repeated here.

      Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), provides for judicial review of a "final decision" of the Commissioner of the Social Security Administration under Title II. Section 1631(c)(3) of the Act, 42 U.S.C. § 1383(c)(3), provides for judicial review to the same extent as the Commissioner's final determination under section 205. Judicial review of the Commissioner's final decision under 42 U.S.C. § 405(g) is limited to whether there exists substantial evidence in the record as a whole to support the decision of the Commissioner. <u>Siemers v. Shalala</u>, 47 F.3d 299, 301 (8th Cir. 1995). This determination

requires review of the entire record, including both evidence in support of, and in opposition to, the Commissioner's decision. Fountain v. Railroad Retirement Bd., 88 F.3d 528, 530 (8th Cir. 1996). The Court's role, however, is not to re-weigh the evidence or try the issues de novo. Craig v. Chater, 943 F. Supp. 1184, 1188 (W.D. Mo. 1996) (citing McClees v. Shalala, 2 F.3d 301, 302 (8th Cir. 1993)). When supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. Richardson v. Perales, 402 U.S. 389, 401 (1971).

Substantial evidence is more that a mere scintilla but less than preponderance. It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Chater, 108 F.3d 178, 179 (8th Cir. 1997)(citing Clark v. Chater, 75 F.3d 414, 416 (8th Cir. 1996)). The substantial evidence standard, however, presupposes a zone of choice within which the decision makers can go either way, without interference by the courts. Clarke v. Bowen, 843 F.2d 271, 272-73 (8th Cir. 1988). "[A]n administration decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." Id. Hence, "if it is possible to draw two inconsistent positions from the evidence and one of those positions represents the agency's finding, we must affirm the decision." Roe v. Chater, 92 F.3d 672, 675 (8th Cir. 1996) (quoting Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992)).

An individual claiming disability benefits has the burden of proving he or she is unable to return to the type of work in which he or she was formerly engaged due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d) (1) (A). If the claimant succeeds, the burden of production shifts to the commissioner to establish that plaintiff can perform some other type of substantial gainful activity in the national economy. See Young v. Apfel, 221 F.3d 1065, 1069, n. 5 (8th Cir. 2000); see also, 68 Fed. Reg. 51,153 - 51,163 (August 26, 2003); 20 C.F.R. § 404.1560(c)(2).

The Court has reviewed the parties' briefs and the record. In this case, the Court cannot find substantial evidence on the record to support the commissioner's decision. Specifically, the Court finds that the ALJ did not consider many of plaintiff's mental health diagnoses (such as borderline personality disorder, obsessive compulsive disorder, ADHD, and anti-social personality disorder) when assessing plaintiff's limitations in determining the RFC. The ALJ also failed to consider the effects of vertigo when assessing plaintiff's limitations. It also appears that the ALJ did not properly consider the opinions of treating physicians Drs. Hogan, Roosa, and Cianciolo. The Court also finds that the ALJ did not properly consider the opinions of other medical source Kristy Kunkel. However, the Court recognizes that the ALJ initially found on his review that it was "not necessary to determine whether alcohol and/or drug addiction is a contributing factor material to a determination of disability because the claimant is found not disabled considering all of his impairments." (Record, P. 24). Obviously, this is a determination that will need to be made upon remand of this matter.

Therefore, it is **ORDERED** that plaintiff's motion (Doc. No. 8) is **GRANTED.** The decision of the Commissioner is reversed and this case is remanded pursuant to 42 U.S.C. § 405(g)(4) for further proceedings consistent with this Order.


Date:  10/25/10                          **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                    Fernando J. Gaitan, Jr.
                                         Chief United States District Judge